UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CATHERINE GORDON,<br><br>     *Plaintiff,*<br><br> – against –<br><br>ARNOLD GORDON *et al.,*<br><br>     *Defendants.* | **MEMORANDUM & ORDER**<br>26-cv-00493 (NCM) (TAM) |

**NATASHA C. MERLE**, United States District Judge:

On January 20, 2026, pro se plaintiff Catherine Gordon filed this action pursuant to 42 U.S.C. § 1983. Compl. 4,[1] ECF No. 1. Plaintiff filed her complaint together with a request to proceed in forma pauperis ("IFP"). Mot. for Leave to Proceed IFP, ECF No. 3. Plaintiff's request to proceed IFP is granted for the limited purpose of this Order. For the reasons stated below, plaintiff's complaint is dismissed, and she is granted until April 24, 2026, to file an amended complaint.

## BACKGROUND

Plaintiff commenced this action by filing a form complaint alleging that she is the victim of financial fraud, cyber fraud, illegal surveillance, and stalking. Compl. 4. She alleges, among other things, that unidentified individuals refused to investigate criminal activity, violated the Health Insurance Portability and Accountability Act ("HIPAA"), spread misinformation about plaintiff, and mishandled her mail. Compl. 5. She further

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers

1

alleges that she was assaulted on multiple occasions, was "drugg[ed] and poison[ed] . . . over a long time period," Compl. 7, and suggests that she was the victim of "extreme psychological and chemical warfare," Compl. 5. The complaint lists more than twenty defendants, including both private individuals, such as plaintiff's biological father and brother, and public entities, such as the United States Postal Service and Kings County Family Court. *See* Compl. 2–3, 6. The complaint does not allege facts indicating which defendant participated in which allegedly unlawful conduct. *See* Compl. 4–8.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

When the Court reviews a pro se complaint it must hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally").

---

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

Still, pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of her claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *see also Rubin v. N.Y.C. Bd. of Educ.*, No. 20-cv-10208, 2023 WL 2344731, at *2 (S.D.N.Y. Mar. 3, 2023) ("Rule 8 applies to all litigants, including those who are pro se.") (collecting cases). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal,* 556 U.S. at 678. To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant[s] to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

## DISCUSSION

The Court must dismiss plaintiff's complaint because, even construed liberally, it fails to meet Rule 8's minimal pleading requirements. Specifically, plaintiff fails to provide a "short and plain" statement of her claims against defendants so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). Plaintiff names more than twenty defendants but fails to allege facts showing how each individual defendant was involved in the events giving rise to her claims. *See Kastner v. Tri State Eye*, No. 19-cv-10668, 2019 WL 6841952, at *3 (S.D.N.Y. Dec. 13, 2019) (noting that a pro se litigant cannot expect the Court "to sift through" the complaint to find a claim). Plaintiff's complaint does not allege which of her constitutional rights were violated, when they were violated, or how she was damaged as a result. *See generally* Compl. Absent

3

plausible allegations of each defendant's personal involvement—and given the complaint's vagueness as to plaintiff's claims—the complaint must be dismissed. *See Clifton v. Hra Nyc Govt*, No. 16-cv-01753, 2016 WL 4203486, at \*2 (E.D.N.Y. Aug. 9, 2016) (dismissing for failure to allege any "substantive factual allegations" that would "allow each defendant to have a fair understanding of what [the plaintiff] is complaining about"); *see also Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at \*2 (E.D.N.Y. Nov. 28, 2022) (dismissing pro se complaint where the court was "unable to determine exactly what claims [the] [p]laintiff [was] attempting to allege").

### LEAVE TO AMEND

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a pro se plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

Plaintiff may file an amended complaint within thirty (30) days of the date of this Order to assert a plausible claim. Plaintiff is informed that a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Private parties generally are not liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Any amended complaint must identify plaintiff's legal claims and set forth a short, plain statement of the relevant facts supporting it. In the caption and the "Statement of Claim," plaintiff must identify as defendants those individuals who were allegedly

4

involved in the deprivation of her federal rights. Plaintiff should include a brief description of what each named defendant did or failed to do, the date (including the year) that the incident occurred, and how each defendant's acts or omissions caused plaintiff's injuries. If plaintiff chooses to file an amended complaint, the submission should be labeled "Amended Complaint" and include the case's full docket number.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court grants plaintiff leave to file an amended complaint within thirty (30) days. If plaintiff does not file an amended complaint within thirty (30) days, the case will be dismissed. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

  */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:  March 25, 2026
  Brooklyn, New York

5